**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1406

LARRY D. SPEASE,

Plaintiff - Appellant,

v.

PUBLIC WORKS COMMISSION OF THE CITY OF FAYETTEVILLE,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (4:06-cv-00223-BO)

Submitted: January 28, 2010          Decided: March 10, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela Newell Gray, Greensboro, North Carolina, for Appellant. David L. Woodard, Susanna K. Gibbons, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Spease, an African-American, appeals from the district court's grant of summary judgment, and dismissal of his action alleging that his former employer, the Public Works Commission of the City of Fayetteville ("PWC"), discriminated against him in violation of Title VII, 42 U.S.C. § 1981 (2006), and N.C. Gen. Stat. § 143-422.2, when it terminated his employment allegedly based upon his race. Our review of the record and the district court's opinion discloses that this appeal is without merit.

We conclude that the district court correctly determined that Spease failed to establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005).[1] Specifically, relevant to the third prong of his prima facie case, the undisputed evidence established that Spease was not performing his job duties at a level that met his employer's legitimate expectations at the time he was terminated. Even after admonishment by his supervisor, also an

_____

[1] The prima facie case elements are the same under Title VII and § 1981. Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). Moreover, the North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143-422.2. Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995); see N.C. Dep't of Corr. v. Gibson, 301 S.E.2d 78, 82 (N.C. 1983).

2

African-American, Spease repeatedly failed to comply with a policy that had been instituted by PWC requiring him to be in the yard observing crew workers at all times to prevent stealing. Significantly, Spease does not contest his insubordination. Spease's hostile insubordination was cited repeatedly as the reason triggering his termination.[2] The record additionally contains evidence documented by the employer of Spease's previous failure to follow procedures, and this failure was further relied upon by the Chief Executive Officer in making the decision to terminate Spease. Whether an employee is performing at a level that meets legitimate expectations is based on the employer's perception, King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003), and Spease's own, unsubstantiated assertions to the contrary are insufficient to stave off summary judgment, id. at 151. Finally, Spease, who was replaced by another African-American male, failed to make out the fourth prong of his requisite prima facie case. Miles, 429 F.3d at 486 ("It is . . . clear that the law in this circuit is that, as a

---

[2] Nor do the two stray racially derogatory remarks made by another supervisor of Spease — which occurred almost two years prior to Spease's termination, which were unconnected to Spease's termination, and which Spease failed to report to the human resources department or the Chief Executive Officer responsible for his termination — demonstrate racial animus. See, e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511-12 (4th Cir. 1994).

general rule, Title VII plaintiffs must show that they were replaced by someone outside their protected class in order to make out a prima facie case. However, we have recognized that there may be exceptions to this rule in limited situations." (internal quotation marks omitted)).

As Spease failed to establish a prima facie case of racial discrimination, we conclude the district court properly granted PWC's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED